**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3591-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK DUNN,

    Defendant-Appellant.

_____

Submitted December 2, 2024 – Decided December 16, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-05-0438.

Jennifer N. Selletti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Derrick Dunn, who pled guilty in April 2017 to an amended charge of aggravated manslaughter, seeks reversal of the trial court's May 22, 2023 decision rejecting his petition for postconviction relief ("PCR") alleging ineffectiveness of his former counsel. He contends his trial counsel at sentencing was ineffective in not arguing juvenile age as a mitigating factor and not requesting a reduced sentence on that basis. We affirm, substantially for the sound reasons expressed in Judge Regina Caulfield's opinion.

The State's evidence showed that on February 20, 2012, Dunn, who was then seventeen years old, received a phone call from co-defendant Nyfee Mallory in which Mallory told Dunn he wanted to rob someone. Dunn suggested that he, Mallory, and co-defendant Corey Winston rob marijuana from Damel Mitchell.

Defendants conferred and agreed a gun would be shown to Mitchell or potentially used against Mitchell. Dunn assisted Mallory in obtaining the .45 caliber handgun. The defendants lured Mitchell to a local football field. According to the State's investigation, Mallory told Mitchell to "give [the marijuana] up" and when Mitchell walked away Mallory shot him in the neck. Afterwards, defendants stole twenty-three bags of marijuana from Mitchell, and Dunn instructed Mallory where to stash the gun.

A-3591-22

On May 9, 2013, a Union County Grand Jury returned an indictment against Dunn (who presumably had been waived to the adult court), charging him with first-degree robbery, N.J.S.A 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

Dunn's trial attorney negotiated a plea agreement with the State, which amended the murder charge to aggravated manslaughter and dismissed all other charges.

On April 20, 2017, Dunn appeared before Judge Stuart L. Peim and pled guilty (as per the plea agreement) to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a).

Defendant appeared for sentencing before Judge Peim on December 1, 2017. Dunn's trial counsel argued for mitigating factors three (strong provocation), four (substantial grounds to excuse or justify the conduct), six (paying restitution), seven (no prior criminal history), eight (conduct unlikely to reoccur), nine (character and attitude of the defendant), and twelve (cooperation with law enforcement), pursuant to N.J.S.A. 2C:44-1(b). Counsel argued in consideration of those factors "a sentence far below a 25[-]year sentence that is

recommended by the State would be the appropriate sentence."

The State countered that aggravating factors one (nature of the circumstances and role of the actor), two (gravity and seriousness of the harm), three (the risk that the defendant will commit another offense), and nine (the need for deterring defendant and others from violating the law) applied under N.J.S.A. 2C:44-1(a). The State further argued that "this was a negotiated plea" and "but for Mr. Dunn in this case . . . this gun may have never found its way to where ultimately it was involved in this senseless, senseless death."

The sentencing court found aggravating factors three, six (extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted) and nine outweighed mitigating factor twelve. Judge Peim imposed a twenty-five-year term of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, consistent with the plea agreement. The judge dismissed the remaining counts.

Defendant filed a direct appeal of his sentence, which was considered by the Sentencing Oral Argument ("SOA") panel on September 25, 2018. The SOA panel remanded for resentencing, instructing the trial court to "provide a detailed statement of reasons for imposing the sentence under review, and to amend the

4

judgment of conviction accordingly. The statement of reasons shall include specific findings as to the aggravating and mitigating factors."

On December 12, 2019, Judge Caulfield heard oral argument at the resentencing hearing. Trial counsel provided the court a detailed resentencing memorandum arguing for consideration of "non-statutory factors such as . . . the youthful age of the offender and how people who commit offenses when they are children are different" and outlined in detail the five factors the court must consider under Miller v. Alabama, 567 U.S. 460 (2012)[1] and State v. Zuber, 227 N.J. 422 (2017), and how the facts of this case apply to those factors. Also during the resentencing hearing trial counsel urged that the court "should give significant weight" to the "lack of judgment" and "lack of impulse control that juveniles have", as noted in Miller and Zuber. Trial counsel also provided the

---

[1] Those factors are: (1) The "consideration of [the juvenile's] chronological age and its hallmark features—among them immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) "the family and home environment that surrounds [the juvenile]—and from which [the juvenile] cannot usually extricate himself no matter how brutal or dysfunctional"; (3) "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected [the juvenile]"; (4) the possibility that the juvenile "might have been charged and convicted of a lessor offense if not for [the] incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys"; and (5) "the possibility of rehabilitation." Miller, 567 U.S. at 477–78.

A-3591-22

court with an expert report from Sean Hiscox, Ph.D., outlining Dunn's adverse life experiences, substance abuse, and behavioral, psychological, and intellectual problems that affected his decision making and immaturity as a youth.

During the resentencing hearing, Judge Caulfield addressed Dunn and clarified "[s]o you're asking me to reduce the sentence from 25 years to what [trial counsel] has asked, 20 years, or you're asking me for something else?" Dunn responded, "I'm asking for that, yes."

The judge noted at the resentencing the <u>Miller</u> factors and how they applied to the present case. The judge found that aggravating factors six and nine were substantially outweighed by mitigating factors six, eight, nine, and twelve, and thus a reduction in the sentence was appropriate. Ultimately, Judge Caulfield resentenced defendant to a twenty-year term of imprisonment—five years less than the original sentence—and imposed restitution.

In November 2021, Dunn filed a pro se PCR petition arguing trial counsel failed to set forth a factual basis to allow the court to accept a guilty plea and that the sentence was manifestly excessive. On February 23, 2022, Judge Caulfield dismissed the petition. This court remanded the matter for the assignment of PCR counsel. Thereafter, PCR counsel filed a brief in support of

6

Dunn's petition, arguing that the new mitigating factor N.J.S.A. 2C:44-1(b)(14) should apply retroactively and also that trial counsel failed to argue juvenile age as a non-statutory mitigating factor, allegedly denying Dunn his right to effective assistance of counsel.

On May 22, 2023, Judge Caulfield heard oral argument on the PCR petition. During argument, Dunn's PCR counsel conceded that under controlling case law, N.J.S.A. 2C:44-1(b)(14) does not apply retroactively. As to the remainder of defendant's PCR arguments, Judge Caulfield stated:

> I absolutely disagree that [trial counsel] did not make a vigorous argument; in fact, he did. He cited numerous mitigating factors and I stand by what I said during [defendant's] re-sentencing.
>
> . . . .
>
> This is not a case where [trial counsel] was not ef--effective, in fact he was, uh, completely effective. He was vigorous, um, and my recollection is he cited Miller, he cited Zuber, he frankly did everything he could to support a lesser sentence. And . . . I agreed with him and I reduced the sentence.
>
> [Trial counsel] argued Mitigating Factors . . . 3, 6, 7, 8, 9, and 12. In fact, there's a lengthy [s]entencing [m]emo submitted to the [c]ourt, and the doctor's report was attached, and it wasn't just the memo that was submitted, [trial counsel] argued everything that he submitted in his memo. He argued Miller, he argued Zuber, and . . . argued that defendant met the five factors laid out in Miller.

A-3591-22

. . . .

> So, I find that [trial counsel] was . . . truly effective in terms of representing [defendant]. <u>He really fought hard for him</u>. He did at the beginning . . . all the way through this case, and certainly right up to the re-sentencing. The memo, the doctor's report, every factor [trial counsel] could argue on behalf of [defendant], he argued and – and effectively.
>
> [(Emphasis added).]

That same day, Judge Caulfield denied Dunn's petition without an evidentiary hearing on the record and by written order.

In this ensuing appeal, defendant argues in his brief:

> POINT ONE
>
> MR. DUNN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

We discern absolutely no merit to this contention. For the sound reasons stated at length by Judge Caulfield, defendant fails to set forth a prima facie case of ineffective assistance of counsel under either of the two prongs of <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984). Through the negotiated plea agreement, Dunn's trial counsel initially spared him from the mandatory thirty-year minimum term under the murder statute and convinced the court and the

8 <span style="float:right">A-3591-22</span>

State to reduce that exposure to twenty-five years. Dunn's counsel then achieved another five-tear reduction at resentencing. The judge had ample grounds to deem that advocacy effective, not ineffective. No evidentiary hearing was warranted. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3591-22